Law Offices of Vincent S. Wong
Vincent S. Wong. Esq.
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
Kong Shun Ni, Ying Ping Cao, and
Zeng Guan Li,

                                                          Civil Action No.

                    Plaintiffs,
       v.

                                                      **COMPLAINT**

Courage Team Inc d/b/a Pig Heaven,
Nancy Lee, and Hui Rong Lee

                    Defendants.
-------------------------------------------------------------x

Plaintiffs, Kong Shun Ni, Ying Ping Cao, and Zeng Guan Li, by their undersigned attorneys, the Law Offices of Vincent S. Wong, complaining of defendants hereby states:

### PRELIMINARY STATEMENT

1. Plaintiffs bring this action against the defendants Courage Team Inc d/b/a Pig Heaven, Nancy Lee, and Hui Rong Lee (hereinafter, collectively, "Defendants") to recover damages, she is: (i) entitled to unpaid wages from Defendants for work performed for which they received no compensation at all or less compensation then required by minimum wage law; and (ii) liquidated damages, declaratory relief, costs, interest and attorney fees pursuant to the FLSA (29 U.S.C. §§201 et seq.) and NYLL (New York Labor Law §§ 650 et seq. and other appropriate rules, regulations, statutes and ordinance governing minimum and overtime wages, spread of hours, and notices and statements of rates of pay).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action, pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

3. This Court has jurisdiction over the State Law claim pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

4. This Court has personal jurisdiction over Defendants because they are engaged in business within the State of New York, and the events complained of occurred in New York.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## THE PARTIES

6. Plaintiff Kong Shun Ni is an individual resident of the City and State of New York.

7. Plaintiff Ying Ping Cao is an individual resident of the City and State of New York.

8. Plaintiff Zeng Guan Li is an individual resident of the City and State of New York.

9. Upon information and belief Defendant Courage Team Inc d/b/a Pig Heaven ("Pig Heaven") is a domestic corporation located at 1420 3RD AVE, NEW YORK, NEW YORK, 10028.

10. At relevant times, defendant Pig Heaven has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. At all relevant times, defendant Pig Heaven has had gross revenues in excess of $500,000.00.

12. Upon information and belief, at relevant times herein, defendant Pig Heaven has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

13. Upon information and belief, at relevant times, defendant Pig Heaven has constituted an "enterprise" as defined in the FLSA.

14. Upon information and belief defendant Pig Heaven was an employer of Plaintiffs.

15. Upon information and belief Defendant Nancy Lee is an individual who is an owner or part owner, manager, and principal of defendant Pig Heaven, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

16. Upon information and belief, defendant Nancy Lee was involved in the day-to-day operations of defendant Pig Heaven and played an active role in managing the business.

17. Upon information and belief Defendant Hui Rong Lee is an individual who is an owner or part owner, manager, and principal of defendant Hui Rong Lee who has the power to hire and fire employees, set wages and schedules, and maintain their records.

18. Upon information and belief, defendant Hui Rong Lee was involved in the day-to-day operations of defendant Pig Heaven and played an active role in managing the business.

19. Defendants are employers within the meaning of the FLSA and New York Labor Law.

20. Upon information and belief that Defendants have had continuous, regular, and systematic contact in/with the State of New York.

## STATEMENT OF FACTS

21. Defendant Pig Heaven is a restaurant.

**Plaintiff Kong Shun Ni**

22. Plaintiff Kong Shun Ni was employed primarily as a delivery person for Defendants.

23. Plaintiff Kong Shun Ni work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

24. Plaintiff Kong Shun Ni was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

25. Plaintiff Kong Shun Ni was employed by Defendants from approximately November 9, 2015 to April 29 , 2018.

26. Plaintiff Kong Shun Ni worked Wednesday from 4pm to 10pm, Thursday from 4pm to 10pm, Friday from 4pm to 10pm, Saturday from 12pm to 12am, and Sunday from 4pm to 10pm, without breaks.

27. Plaintiff Kong Shun Ni was paid weekly, on Sundays, at a rate of $20 per day, regardless of the hours worked.

28. Plaintiff Kong Shun Ni was paid in cash.

    **Plaintiff Ying Ping Cao**

29. Plaintiff Ying Ping Cao was employed primarily as a delivery person for Defendants.

30. Plaintiff Ying Ping Cao work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

31. Plaintiff Ying Ping Cao was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

32. Plaintiff Ying Ping Cao was employed by Defendants from approximately September 2, 2005 to April 29, 2018.

33. Plaintiff Ying Ping Cao worked Wednesday from 4:30pm to 10pm, Thursday from 4:30 pm to 10pm, Friday from 4:30pm to 10pm, Saturday from 4:30pm to 10pm and Sunday from 4pm to 10pm, without breaks.

34. On or about October 2017, Plaintiff Ying Ping Cao's schedule changed and Plaintiff Ying Ping Cao worked Thursday from 4:30 pm to 9:30pm, Friday from 4:30pm to 9:30pm, Saturday from 4:30pm to 9:30pm and Sunday from 4pm to 9:30pm, without breaks.

35. Plaintiff Ying Ping Cao was paid on Sundays, at a rate of $10 per day, regardless of the hours worked, from 2005 to approximately July 2014, and at a rate of $20 per day thereafter, regardless of the hours worked.

36. Plaintiff Ying Ping Cao was paid in cash.

**Plaintiff Zeng Guan Li**

37. Plaintiff Zeng Guan Li was employed primarily as a delivery person for Defendants.

38. Plaintiff Zeng Guan Li work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

39. Plaintiff Zeng Guan Li was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

40. Plaintiff Zeng Guan Li was employed by Defendants from approximately August 24, 2015 to April 29 , 2018.

41. Plaintiff Zeng Guan Li worked Monday from 3:30 pm to 10pm, Tuesday from 3:30 pm to 10pm, Wednesday from 3:30pm to 10pm, Friday from 4:30pm to 10pm, and Sunday from 12pm to 11pm, without breaks.

42. Plaintiff Zeng Guan Li was paid every week, on Sundays, at a rate of $20 per day, regardless of the hours worked.

43. Plaintiff Zeng Guan Li was paid in cash.

44. Defendants did not pay Plaintiffs minimum wage and spread of hours compensation required by both the Fair Labor Standards Act and New York Labor Law.

45. Defendants' failure to pay Plaintiffs an amount at least equal to the Federal or New York State minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

46. Defendants did not provide Plaintiffs with proper wage stubs of hiring statements as required by law.

47. Defendants failed to provide Plaintiffs with written notices providing the information required by the Wage Theft Prevention Act – including, inter alia Defendants' contact information, her regular and overtime rates, and intended allowances claimed – and failed to obtain her signatures acknowledging the same, upon her hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

48. Defendants failed to provide Plaintiffs with weekly records of her regular and overtime compensation and hours worked, in violation of the Wage Theft Prevention Act.

49. Upon information and belief, while Defendants employed Plaintiffs, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

50. Defendants refused to properly pay Plaintiffs legal wages.

51. Upon information and belief Defendants took steps to hide knowledge of employee rights from Plaintiffs.

52. The Defendants failed to post notices of the Defendants' employees' rights under the law, required by 29 C.F.R. § 516.4.

53. The Defendants failed to post notices of the Defendant's employees' rights under the law, required by N.Y. Lab. Law § 661 and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.8.

54. Defendants failed to reimburse Plaintiffs for expenses related to the vehicle Plaintiffs were required to maintain and use as part of Plaintiffs' employment for Defendants.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

55. Plaintiffs repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

56. At all relevant times, defendants employed Plaintiffs within the meaning of the FLSA.

57. Defendants failed to pay a salary greater than the minimum wage to Plaintiffs for all hours worked.

58. As a result of Defendants' willful failure to compensate Plaintiffs at a rate at least equal to the federal minimum wage for each hour worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

59. Upon information and belief Defendants took steps to hide knowledge of employee rights from Plaintiffs.

60. The Defendants failed to post notices of the Defendants' employees' rights under the law, required by 29 C.F.R. § 516.4.

61. Because of the Defendants' failure to post notices of the Defendants' employees' rights under the law, the plaintiffs are entitled to the equitable tolling of their claims during the time that the defendant failed to post such notices.

62. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

63. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### COUNT II

### (New York Labor Law – Minimum Wage)

64. Plaintiffs repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

65. At all relevant times, Plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

66. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

67. The Defendants failed to post notices of the Defendant's employees' rights under the law, required by N.Y. Lab. Law § 661 and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.8.

68. Because of the Defendants' failure to post notices of the Defendants' employees' rights under the law, the plaintiffs are entitled to the equitable tolling of their claims during the time that the defendant failed to post such notices.

69. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

70. Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (New York Labor Law – Spread of Hours)

71. Plaintiffs repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

72. At all relevant times, Plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

73. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour's pay at the minimum wage for each day she worked more than ten hours, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

74. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

75. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (New York Labor Law – Wage Theft Prevention Act)

76. Plaintiffs repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

77. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

78. Defendants willfully violated Plaintiffs' rights by failing to provide Plaintiffs with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

79. Defendants willfully violated Plaintiffs' rights by failing to provide Plaintiffs with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

80. Due to defendants' New York Labor Law violations relating to the failure to provide compliant, accurate paystubs, Plaintiffs are entitled to recover from the Defendants statutory damages, up to the maximum statutory damages.

81. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiffs are entitled to recover from the Defendants statutory damages up to the maximum statutory damages.

## COUNT V

### (Breach of Implied Contract for Reimbursement of all Costs and Expenses of Delivery Vehicle, including Depreciation, Insurance, Maintenance and Repairs Brought on behalf of the Plaintiffs)

82. Plaintiffs repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

83. Throughout the relevant period, Defendants required their deliverymen to bear all of the "out-of-pocket" costs associated with their vehicles, including the purchase, maintenance, repair, maintenance of the delivery vehicles, including bicycles and electric bicycles.

84. Plaintiffs had actual "out-of-pocket" vehicle related expenses.

85. The conduct of Defendants, and the course of Defendant's conduct between the parties, evidenced an intent for Plaintiffs to maintain the delivery vehicle in working condition.

86. Plaintiffs purchased, maintained and repaired the bicycle and electric bicycles at their own expense.

87. Plaintiffs performed these deliveries for the sole benefit of the Defendants.

88. Defendants neither explicitly nor implicitly requested Plaintiff to cease the purchase of gasoline and/or the maintenance of the vehicle.

89. As a result of the afore-alleged conduct of the parties, an implied contract arose between them the terms of which are that Plaintiffs would incur the expenses for

bicycle purchase and vehicle maintenance, in exchange for compensation from Defendants for such expenses.

90. Defendants never compensated Plaintiffs for any expenses incurred from the purchase and maintenance of the electric bicycles, and the purchase of batteries. As a result, Defendants breached the implied contract by failing and refusing to pay Plaintiffs a reasonable sum under the afore-alleged facts.

91. Defendants owe Plaintiffs their overdue costs of delivery vehicles, cost of battery change, if applicable, and maintenance of the bicycle.

92.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs demand a judgment be granted for the following relief:

a. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

b. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

c. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

d. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

e. Liquidated damages for defendants' New York Labor Law violations;

f. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

g. Back pay;

h. Punitive damages;

i. Compensatory damages for Plaintiffs vehicles related expenses;

j. An award of prejudgment and post judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other, further, and different relief as this Court deems just and proper.

Dated: New York, NY
       July 20, 2018

                                Respectfully submitted,


                                /s/Vincent S. Wong
                                Vincent S. Wong, Esq. (VW9016)