```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/1/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
KONG SHUN NI, YING PING CAO, and :
ZENG GUAN LI, :
:
:
Plaintiffs, :     18-CV-7021 (VSB)
:
-against- :     **ORDER**
:
COURAGE TEAM INC d/b/a PIG HEAVEN, :
NANCY LEE, and HUI RONG LEE, :
:
Defendants. :
:
------------------------------------------------------------X

<u>VERNON S. BRODERICK, United States District Judge</u>:

On August 6, 2018, Plaintiffs Kong Shun Ni, Ying Ping Cao, and Zeng Guan Li filed this action against Defendants Courage Team Inc d/b/a Pig Heaven, Nancy Lee, and Hui Rong Lee,[1] alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law (the "NYLL"). (*See generally* Doc. 1.) Plaintiffs allege various violations of the FLSA and NYLL, including that Defendants failed to pay them the applicable minimum hourly wage and failed to comply with the annual notice and wage statement requirements of the NYLL. (*Id.*) On April 15, 2019, the parties submitted a joint letter advising the Court that they had reached a settlement. (Doc. 19.)

Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). "A reasonable agreement must 'reflect a reasonable

---

[1] The parties agree that Defendants Nancy Lee and Hui Rong Lee are in fact the same person. (*See* Doc. 19-1.)

1

compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Lopez v. Ploy Dee, Inc.*, No. 15-cv-647 (AJN), 2016 WL 1626631, at *1 (S.D.N.Y. Apr. 21, 2016) (quoting *Mamani v. Licetti*, No. 13-CV-7002 (KMW)(JCF), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014)). Therefore, the parties attached their settlement agreement to their April 15, 2019 joint letter, and explained how—in their view—the terms of their proposed settlement are fair and reasonable. (*See* Doc. 19.)

## I. Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted); *see also Beckert v. Rubinov*, No. 15 Civ. 1951(PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Xiao v. Grand Sichuan Int'l St Marks, Inc.*, Nos. 14-CV-9063 (RA), 15-CV-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quoting *Pavon v. Daniel's Bagel Corp.*, No. 15 CV 8376 (LTS) (SN), 2016 WL 3960555, at *1 (S.D.N.Y. July 12, 2016)).

Where, as here, a settlement agreement includes a provision for attorney's fees, I must "separately assess the reasonableness of plaintiffs' attorney's fees." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). In order to aid in this determination, "counsel

2

must submit evidence providing a factual basis for the award [of attorney's fees]." *Beckert*, 2015 WL 6503832, at *2.

## II. Discussion

I have independently reviewed the settlement agreement and supporting submissions provided by the parties, (Doc. 19), to determine whether the terms of the agreement are fair, reasonable, and adequate. I do not find the settlement agreement to be fair and reasonable because the agreement contains an overbroad release. As a result of this finding, I have not considered in this Order whether the settlement amount and requested attorney's fees are reasonable.

I will not approve the broad "Release and Covenant Not to Sue" provision in the parties' settlement agreement. (*See* Settlement Agmt. § 3.)[2] "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)). For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM),

---

[2] "Settlement Agmt." refers to the parties' proposed Settlement Agreement and Release. (Doc. 19-1.)

2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

The release provision in the parties' settlement agreement is too broad to survive judicial scrutiny. Pursuant to the release provision, Plaintiffs release Defendants not only from wage-and-hour claims, but also from "any and all labor and employment claims under federal, state, or city law which Plaintiffs at any time have and any claims they may have regarding their employment with Defendants." (Settlement Agmt. § 3.) This provision is overbroad as it requires Plaintiffs to waive virtually any claim arising from their employment relationship with Defendants—extending far beyond wage-and-hour claims to include, *inter alia*, claims of discrimination, wrongful discharge, family and medical leave violations, or violations of occupational safety and health laws, none of which are at issue in this lawsuit. Moreover, the release appears to include future claims which had not yet accrued as of the date the settlement agreement was executed.

Because this provision does not meet the standards for approval established by courts in this district, I decline to assess the reasonableness of the settlement amount and the requested attorney's fees at this time. I note, however, that Plaintiffs' counsel failed to submit billing records providing a factual basis for the request that 33% of the settlement amount be used to pay attorney's fees. I will not approve a future request for attorney's fees in the absence of such documents. *See Beckert*, 2015 WL 6503832, at *2 (in order to assist a court in making a reasonableness determination with regard to attorney's fees, "counsel must submit evidence providing a factual basis for the award [of attorney's fees]" (internal quotation marks omitted)). Should the parties elect to file a revised proposed settlement agreement, Plaintiffs' counsel is directed to submit evidence—including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done," *Nights of Cabiria*, 96 F.

Supp. 3d at 181 (quoting *Wolinsky*, 900 F. Supp. 2d at 336)—providing a factual basis for the attorney's fees requested in the joint letter.

### III. Conclusion

For the reasons stated above, I find that the parties' settlement agreement is not fair and reasonable. Accordingly, the parties' request that I approve their settlement agreement is DENIED without prejudice. The parties may proceed by either:

1. Filing a revised proposed settlement agreement within twenty-one (21) days of the date of this Order that cures the deficiencies discussed above; or

2. Filing a joint letter within twenty-one (21) days of the date of this Order that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

The Clerk of Court is respectfully directed to terminate the motion pending at Document 19.

SO ORDERED.

Dated: November 1, 2019
       New York, New York

Vernon S. Broderick
United States District Judge