LAW OFFICES OF
# Vincent S. Wong
*Attorneys at Law*

**Please Respond To:**
☐ 39 East Broadway, Suite 306
   New York, NY 10002

☑ 6008 8th Avenue
   Brooklyn, NY 11220

Phone: 212.888.0884
Phone: 718.234.8200
Fax: 718.833.1968
♦♦♦
Email: vswlaw@gmail.com
Website: vswlaw.com

November 22, 2019

**Sent Via ECF**
Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, NY 10007

      Re:    **NI ET AL V. COURAGE TEAM INC ET AL.**
               **18-cv-07021**
               **LETTER MOTION TO APPROVE SETTLEMENT**

Dear Judge Broderick:

      This office represents Plaintiffs in the referenced matter. Plaintiffs and Defendants jointly respectfully request that Your Honor approve the fairness of the settlement reached in this matter pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice. The settlement was negotiated after extensive settlement discussions between counsel for the respective parties. A copy of the revised proposed settlement agreement is annexed herein as **Exhibit A**. The agreement was revised in compliance with the Court's November 1, 2019 Order, limiting the release in paragraph 3 of the settlement. Plaintiffs and Defendants believe that the settlement amount is fair and reasonable.

      **Background**

      Plaintiffs filed their Complaint in this action alleging claims for unpaid minimum wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

      Specifically, Plaintiffs allege they were employed by Defendants for several years at the restaurant located at 1420 Third Avenue, New York, NY. Plaintiffs further allege they were not paid appropriately for the hours they worked during their employment.

      Defendants categorically deny the allegations in the Complaint.

Defendants also assert that Defendants were only in business starting November 7, 2014 and ceased operations on April 30, 2018. Defendants have also asserted that Plaintiff Cao took extensive leaves of absences, which would greatly reduce the days Plaintiff Cao could recover from.

If Plaintiffs were successful on their claims related to the time period Defendants assert they were actually in business (which limits Plaintiff's Cao's claims), Plaintiff Kong Shun Ni would be entitled to $34,750.50 in unpaid wages; Plaintiff Zheng Guan Li would be entitled to $38,655.50 in unpaid wages; and Plaintiff Ying Ping Cao would be entitled to $27,590.25 in unpaid wages. In sum, if Plaintiffs were successful, they would be entitled to $100,996.25 in unpaid wages, exclusive of liquidated damages and NYLL wage statement claims.

However, Plaintiffs' damages calculation does not take into account Defendant's multiple defenses. Some of these defenses, if successful could greatly reduce Plaintiffs recovery. For example, Defendants have raised defenses relating to entitlement to credits, such as tip credit, which could greatly reduce the wages Plaintiffs were entitled to receive from Defendants. Indeed, there are sharply contested factual and legal disputes in this litigation that go to the heart of Plaintiffs' claims. Moreover, Plaintiffs recognize that Defendants' employment records may provide Defendants with a colorable defense, presenting the possibility that Plaintiffs' actual recovery after an adjudication on the merits may be severely limited.

Based on the foregoing, the parties have agreed on a gross settlement payment by Defendants to Plaintiffs of $88,000.00, inclusive of Plaintiffs' attorneys' fees and costs. This sum is currently being held in escrow in Defendants' attorney account and can immediately be paid to Plaintiffs upon settlement approval, in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions through a trial.

The attorney's fees and costs are allocated as follows: $29,176.67 for legal fees, and $400.00 for costs, $70 for service of process costs with the balance of $58,353.33 going to Plaintiffs. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged violations of the FLSA and NYLL. This amount also considers the costs and the uncertainty of protracted litigation and the ability of Plaintiffs to receive money immediately, which is something they desire. This settlement was reached after extensive negotiations. The parties' attorneys and the parties agree that the settlement is fair and reasonable.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### **Attorney's Fees**

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to our firm's agreement with the Plaintiffs, the firm will be reimbursed $400.00 in filing fees and $70 in service of process fees, and retain 33% of the remaining settlement amount of $87,530.00 as attorneys' fees, which is $29,176.67. Based on this firm's experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

The Court should find that Plaintiff's counsel's contingent fee arrangement with the Plaintiff is also fair and reasonable. Public policy favors a common fund attorney's fee award in wage and hour cases. *Frank v. Eastman Kodak Co.*, 228 FRD 174, 189 (W.D.N.Y. 2005). Fee awards in wage and hour cases provide incentive to private attorneys to prosecute the claims of those victims of such unfair practices whose wage claims might otherwise be too small to justify. *Sand v. Greenberg*, 2010 U.S. Dist. LEXIS 1120 * 9 (S.D.N.Y. Jan. 7, 2010). If such fee awards were not granted, wage and hour abuses "would go without a remedy because attorneys would be unwilling to take on the risk." *McMahon v. Olivier Cheng Catering & Events, LLC*, 2010 U.S. Dist. LEXIS 18913 *19-20 (S.D.N.Y. Mar. 2, 2010). Attorney's fees in FLSA settlements are examined "to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362 at 366, 2013 U.S. Dist. LEXIS 79543 (S.D.N.Y. 2013) (quoting *Wolinsky*, 900 F. Supp. 2d at 336). Courts have found that applying the percentage-of-recovery method is sound policy as it "directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation." *In re WorldCom, Inc*. ERISA No. 02 Civ. 4816, 2005 U.S. Dist. LEXIS 28686, at *23-24 (S.D.N.Y. Nov. 21, 2005) citing (*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005)). The percentage method also promotes early resolution, s*ee, e.g. Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 122 (2d Cir. 2005), and it "relieves the court of the cumbersome, enervating, and often surrealistic process of evaluating fee petitions." *Id*. (internal citations omitted). Here, the contingent fee arrangement with Plaintiffs clearly aligns Plaintiffs' and Plaintiff's counsel's interest in the outcome of the litigation.

Law Offices of Vincent S. Wong is an active litigation law firm representing both plaintiffs and defendants in litigation.  Vincent Wong, Esq., principal attorney of Law Offices of Vincent Wong, has been practicing law since 1996 and has been admitted in multiple courts since 1997, including  New Jersey – 1997; Pennsylvania – 2009; United States District Court for the Eastern District Of New York – 2009; United States District Court for the Southern District Of New York – 2007; United States District Court for the Western District Of New York – 2010; United States District Court for the Northern District Of New York – 2010; District Court of New Jersey – 1997; DC Court of Appeals -  1997; US Tax Court – 2008; United States Court of Appeals – 2nd Circuit – 2007;  United States Court of Appeals – 5th Circuit – 2009; and United States Court of Appeals – 9th Circuit – 2008.  Prior to establishing his own law firm, Vincent Wong has  held positions with the top law firms and organizations in the world, including: United States Internal Revenue Service; New York State Office of Attorney General; Weil, Gotshal & Manges LLP; Ernst & Young Law/Donahue & Partners; Arent Fox PLLP; and Moskowitz, Altman & Hughes LLP n/k/a Katten Muchin Rosenman LLP.

In an employment litigation case before the United States District Court for the District of New Jersey - Case 2:13-cv-01684-SRC-CLW - Kang Wey Looi v. Meng Wang and Q.J. Green Garden Inc. d/b/a Q.J. Green Garden, Law Offices of Vincent S. Wong was awarded attorneys' fees with a rate at $500 per hour for Vincent Wong, Esq. and a rate of $350 per hour for Michael Brand, Esq.

In another employment litigation matter before United States District Court for the Southern District of New York, before the Honorable Valerie E. Caproni, in the matter of Shi Meng Lui et al. v. Shanghai Pavillion, et al., Law Offices of Vincent S. Wong was awarded legal fees with a rate at $400 per hour for Vincent Wong, Esq. and at $275 per hour for associates, including Michael Brand, Esq., and at $125 per hour for paralegals.

Law Offices of Vincent S. Wong worked on this case since its onset, including multiple meetings with the client, conducting legal research, attending court conferences, and extensive and prolonged negotiating with opposing counsel. Law Offices of Vincent Wong therefore believes that the attorneys' fees in this case are reasonable.  A copy of the contemporaneous time records kept by the Law Offices of Vincent S. Wong is annexed herein as **Exhibit B**.

While Law Office of Vincent S. Wong is applying for a percentage of the recovery, as is common in FLSA cases, we believe our loadstar cross check figure is reasonable. Law Offices of Vincent S. Wong spent 57.8 hours on this case, which at the normal hourly billable rates, would have resulted in a lodestar of $20,697.50. The contingent fee amount requested by counsel represents an attorneys' fee amount of approximately 1.41 times our lodestar, a multiplier much smaller than is commonly approved in FLSA contingency litigation.

 "Courts have routinely found that doubling the lodestar yields a reasonable fee in the context of FLSA settlements." *Pucciarelli v. Lakeview Cars, Inc.,* 2017 WL 2778029 at *2 (E.D.N.Y., June 23, 2017); See also *Fujiwara v. Sushi Yasuda Ltd*., 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014)("multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases.")

Accordingly, Law Office of Vincent S. Wong believe the requested legal fees are reasonable in context of this FLSA settlement.

Counsel for Plaintiffs and Defendants respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

                                        Respectfully submitted,

                                        LAW OFFICES OF VINCENT S. WONG

                                        /s/ *Michael Brand*_____
                                        Michael Brand, Esq. (MB3303)